IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                        1:05-cr-094-01-WSD

HOA QUOC TA,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Government's Motion for

Reconsideration of the 2006 Ruling to Allow Evidence of Duress and Coercion

("Motion for Reconsideration" [201].)

## I.    BACKGROUND

Defendant Hoa Quoc Ta ("Ta" or "Defendant") is charged with one count of

kidnapping in violation of 18 U.S.C. § 1201, one count of carjacking in violation

of 18 U.S.C. § 2119(1), and two counts of possessing a firearm in furtherance of

crimes of violence in violation of 18 U.S.C. § 924(c).  This case was originally

assigned to Judge Clarence Cooper.  In November 2005, the Government filed a

motion to exclude all evidence and argument in support of a duress defense.  In

January 2006, Judge Cooper granted the motion in part and denied it in part.  Judge

Cooper ruled that Defendant did not satisfy the elements required for a duress

defense and thus could not present evidence at trial in support of an affirmative

defense of duress.[1]  The Court ruled, however, that Defendant is permitted to

introduce evidence of duress and coercion to negate the element of intent in the

offenses with which he is charged.[2]

On June 29, 2007, the Government filed this Motion for Reconsideration.

The Government argues that the Eleventh Circuit's unpublished decision in United

States v. Alvear, 181 Fed. Appx. 778 (11th Cir. 2006), requires that Defendant be

---

[1]  A defendant must show four elements to establish a duress defense: "(1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm."  United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000).

[2]  Later that day, Judge Cooper and Defendant's counsel engaged in an argument in front of the jury after defense counsel refused to shorten his opening argument.  To avoid potential jury prejudice against Defendant, Judge Cooper declared a mistrial, recused himself from the case, and the case was assigned to this Court.  Defendant then filed a motion for dismissal, arguing that a second trial would be a violation of the Fifth Amendment's protections against double jeopardy.  On April 25, 2006, this Court entered an Order holding that a new trial would not violate Defendant's Fifth Amendment rights.  Defendant appealed the decision, and the case was stayed at Defendant's request until the Eleventh Circuit's recent affirmance of the decision.

prohibited from introducing evidence of coercion when he is not entitled to a

duress defense as a matter of law.  Defendant argues that <u>Alvear</u> is not binding and

is distinguishable from the present case.  He argues that because his defense will be

that he was merely present during the commission of the crimes but did not

actively participate, the balance under Federal Rule of Evidence 403 weighs in

favor of allowing evidence that he was beaten and threatened to explain to the jury

why Defendant was present during the commission of the crimes.[3]  The Court

agrees.

A motion for reconsideration is appropriate only where there is:  (1) newly

discovered evidence; (2) an intervening development or change in controlling law;

or (3) a need to correct a clear error of law or fact.  <u>Jersawitz v. People TV</u>, 71 F.

Supp. 2d 1330, 1344 (N.D. Ga. 1999); <u>Pres. Endangered Areas of Cobb's History,</u>

<u>Inc. v. U.S. Army Corps of Eng'rs</u>, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).  A

motion for reconsideration should not be used to present the Court with arguments

already heard and dismissed, or to offer new legal theories or evidence that could

---

[3] On August 3, 2007, the Court conducted a pretrial conference in this case.
Both the Government and Defendant presented rough summaries of what they
expected the evidence to show at trial.  While the Court recognizes that those
summaries are not necessarily what will be shown at trial, the summaries provided
the necessary context to decide the Government's Motion for Reconsideration.

have been presented in the previously filed motion.  <u>Bryan v. Murphy</u>, 246 F.

Supp. 2d 1256, 1259 (N.D. Ga. 2003); <u>see also</u> <u>Pres. Endangered Areas</u>, 916 F.

Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving

party and their counsel to instruct the court on how the court 'could have done it

better' the first time.").

The Government appears to assert that <u>Alvear</u> constitutes an intervening

development or change in controlling law**.**  The Court notes initially that <u>Alvear</u>, an

unpublished opinion, does not constitute "controlling" law.  Even if it were, <u>Alvear</u>

is not persuasive authority that Defendant is prohibited from introducing evidence

that he was present at the crimes because he was threatened and beaten–not

because he had the necessary intent to commit the crimes.

In <u>Alvear</u>, the defendant was charged with importation of heroin and

possession of heroin with the intent to distribute.  <u>Alvear</u>, 181 Fed. Appx. at 779.

The court excluded evidence supporting a duress defense because the defendant

had not established some of the required elements for duress.  <u>Id.</u>  During the trial,

the court excluded the defendant's testimony that he was forced to transport the

drugs and that he believed his family would be killed if he did not do so.  The

defendant was convicted, and he appealed, arguing that the district court should

have allowed the evidence that he was coerced to negate the specific intent required for the crimes.

The Eleventh Circuit held that the district court's decision to disallow the testimony was not an abuse of discretion.[4]  The <u>Alvear</u> court relied on Federal Rule of Evidence 403:  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  <u>Id.</u> at 782 (citing F.R.E. 403).

The <u>Alvear</u> court noted that the defendant had been allowed to present evidence to negate his intent–he testified that "he had not wanted to transport the drugs, that he did not want to break the law, that he had intentionally acted in a manner that he believed would raise suspicion by customs officials, that it was never his intention to deliver the drugs to a trafficker in the United States, and that he actually delivered himself to customs authorities."  <u>Id.</u> (internal quotations and

---

[4]  The Eleventh Circuit noted that the <u>Alvear</u> defendant had not properly preserved the issue for review.  It went on to state, however, that assuming the defendant had made the argument to the district court, the district court's decision to exclude the evidence of coercion and duress would not have been an abuse of discretion.  <u>Alvear</u>, 181 Fed. Appx. at 782.

citations omitted).  The Eleventh Circuit held that because the district court

excluded only testimony regarding the defendant's perception of

force–specifically, his belief that he was under a "vague threat of future harm" to

his family–the decision was reasonable because the evidence might have "confused

the issues and misled the jury into believing that Alvear's actions could be excused

because of duress."  Id.

        The Court finds that Alvear is distinguishable from this case.  First, unlike

the defendant in Alvear, Mr. Ta does not admit that he participated in any of the

acts with which he is charged.  Thus, Alvear involved a more "pure" duress

defense, whereas here every element of the crimes is contested, including intent.

More importantly, the balance in a F.R.E. 403 analysis between the probative value

of the evidence compared to the possibility of confusing the jury leans in favor of

Defendant in this case.  In Alvear, the evidence of threats and coercion were not

probative because the defendant's testimony was self-serving and uncorroborated.

Here, the Government does not dispute that Defendant was indeed beaten and

threatened by his co-defendants.

        The Government will likely rely upon Defendant's presence during the

alleged kidnapping and carjacking to show that Defendant intended to commit the

crimes with which he was charged.  Defendant has indicated that he will rely on a "mere presence" defense–that is, he was present while the crimes were committed, but he did not participate or aid in their commission.  Defendant should be permitted to explain why he was present during these crimes.  Evidence that Defendant was beaten and that he and his family were threatened with death is highly probative to the issue of why he was present, and the jury should be permitted to consider this evidence to determine Defendant's intent.  Thus, the Court concludes that Defendant should be permitted to put on evidence of why he was present, including testimony that he felt that if he did not accompany his co-defendants, he or his family would be killed.  <u>Alvear</u> does not require this Court to reconsider Judge Cooper's January 2006 ruling, and the Government's Motion for Reconsideration should be denied.

### III.   CONCLUSION

Accordingly, for the reasons stated above, the Government's Motion for Reconsideration of the 2006 Ruling to Allow Evidence of Duress and Coercion [201] is **DENIED**.

**SO ORDERED** this 9th day of August, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE