IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br>HOA QUOC TA,<br>                    **Defendant.** | 1:05-cr-094-01-WSD |

**OPINION AND ORDER**

This matter is before the Court on the Government's Renewed Motion to Exclude Expert Testimony and Request for Daubert Hearing ("Daubert Motion" [198].)

**I.    BACKGROUND**

Defendant Hoa Quoc Ta ("Ta" or "Defendant") is charged with one count of kidnapping in violation of 18 U.S.C. § 1201, one count of carjacking in violation of 18 U.S.C. § 2119(1), and two counts of possessing a firearm in furtherance of crimes of violence in violation of 18 U.S.C. § 924(c). Defendant wishes to offer as an expert witness at trial Mr. Nguyen Ba Chung ("Chung") as an expert on Vietnamese culture. In January 2006, Defendant submitted a summary of the proposed expert testimony and attached Mr. Chung's curriculum vitae. According

to Defendant, Mr. Chung is expected to testify regarding the difference between Vietnamese and American views on family, religion, community, politics and government organizations, crime, and gangs. (Notice and Summary of Anticipated Expert Testimony ("Notice") [122].) Mr. Chung will testify that Vietnamese persons are less likely to go to the police than Americans because of their suspicion and fear of the police. He will also testify that Vietnamese persons take a more protective and secretive approach towards their problems. Chung also is expected to testify that there is a strict patriarchy or matriarchy in the Vietnamese culture such that a child is required to obey his elders.[1]

The Government moves to exclude Mr. Chung's testimony because: Chung is not qualified to testify as an expert on Vietnamese or American cultural norms, his testimony is not based on sufficient facts or data and is not the product of reliable principles or methods, and he has not applied the principles and methods reliably to the facts of this case.[2] Based on its review of the parties' submissions,

---

[1] Defendant's counsel stated at the pretrial conference that all the information relevant to the Court's decision on the Daubert Motion is before the Court.

[2] The Government requests that the Court conduct a hearing to determine whether Mr. Chung's testimony should be excluded. Based on its review of the parties' respective memoranda, Defendant's Notice and Summary of Anticipated

Defendant's Notice and Summary of Anticipated Expert Testimony, and Chung's curriculum vitae, the Court concludes Mr. Chung's education, experience and background do not qualify him to offer the opinions Defendant seeks to elicit, and his testimony does not meet the requirements set out in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  For these reasons, Mr. Chung's testimony is excluded.

## II.     DISCUSSION

Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

Expert Testimony, and Mr. Chung's curriculum vitae, the Court concludes a hearing is not necessary to resolve the Government's motion.  Accordingly, the Government's request for a hearing is denied.

Fed. R. Evid. 702. The standard of admissibility set out in Rule 702 has been expanded on in the seminal Supreme Court decision <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), and its progeny:

> Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

<u>City of Tuscaloosa v. Harcros Chems., Inc.</u>, 158 F.3d 548, 562-63 (11th Cir. 1998) (citing Fed. R. Evid. 702 and <u>Daubert</u>, 509 U.S. at 589). These requirements apply to all experts. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 119 (1999). The party seeking to admit the purported expert must demonstrate each of these elements by a preponderance of the evidence. <u>Daubert</u>, 509 U.S. at 593.

  **A.** **Chung's Qualifications**

Rule 702 provides that a witness may be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Determining whether a witness is qualified to testify as an expert "requires the trial court to examine the credentials of the proposed expert in light of the subject

matter of the proposed testimony." Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002) (stating that the court's finding that the proposed expert was "well-trained, highly educated, and experienced," and possessed an "extremely impressive professional track record" with respect to his specialty "does not obviate the need for a more thorough analysis of whether [the expert] is qualified and competent to testify as an expert as to the subject matter of his proposed testimony"). This determination is left primarily to the discretion of the district court. Id. at 1314 (citing Berdeaux v. Gamble Alden Life Ins. Co., 528 F.2d 987, 990 (5th Cir. 1976)).

The Court's inquiry under Rule 702 with respect to qualifications concerns whether the expert is qualified to testify competently regarding the matters he intends to address. Fed. R. Evid. 702; City of Tuscaloosa, 158 F.3d at 562-63. It appears Defendant seeks to introduce Chung's testimony to explain that Defendant's culture caused him to fear for his life because of his familiarity with Vietnamese gangs and to avoid contacting the police because of his distrust and fear of police. Thus, Defendant hopes the expert testimony will negate the element of intent. Defendant argues Chung is qualified to help the jury understand "the broad general patterns of behavior and beliefs held by Vietnamese–both those who

have lived the majority of their life in Vietnam and Vietnamese who have been transplanted to this country." (Notice [122], at 6.) Defendant states that Chung will help show "the vast differences in Vietnamese cultural attitudes which directly pertain to the ultimate issue: that Ta lacked the intent to commit these offenses." (Resp. to Daubert Motion [205], at 2.)

Defendant relies on Chung's positions as Research Associate at the William Joiner Center for the Study of War and Social Consequences and as Project Director of the Rockefeller Program at the University of Massachusetts[3] to demonstrate he is qualified to testify about the differences between American and Vietnamese culture, particularly to explain Defendant's intent. Defendant asserts that Mr. Chung's qualifications are his experience studying American and Vietnamese literature, teaching and studying in American and Vietnamese schools, his study of Oriental Philosophy, research on the cultural aspects of Vietnam related to the Vietnam War, and his living part of the year in America and part of the year in Vietnam.

---

[3] Chung received a grant at the University of Massachusetts to study post-war issues of culture, society and politics in Vietnam.

Chung's education is entirely in American Literature, with only a two-year program in Oriental Philosophy–not Vietnamese culture, the differences between Vietnamese and American culture, or any social science. Chung's curriculum vitae indicates that he has taught English in Vietnamese schools and Freshman writing at an American university. He has significant experience as a software developer. Chung has written several books of poetry and has worked on many published translations. Biographical sketches describe Chung as a "writer, poet, and translator," not an expert on social sciences and psychology or Vietnamese social, cultural, or psychological issues, particularly as they relate to criminal activity. Mr. Chung has no training in social sciences or psychology. There is no evidence that Chung has conducted scholarly studies on Vietnamese cultural attitudes, American cultural attitudes, or the difference between the two–especially related to the particular facts of this case.

Defendant does not articulate, nor is the Court able to discern, how the general study of American literature or "post-war issues of culture, society and politics in Vietnam" qualifies Chung to testify competently regarding how Defendant's intent to commit the crime may have been affected by his Vietnamese culture. Based on its examination of Chung's credentials in light of the subject

matter of his proposed testimony, the Court concludes he is not qualified to testify as an expert with respect to Vietnamese cultural attitudes which allegedly affected Defendant's intent to commit the crimes with which he is charged.

### B.     Reliability of Chung's Testimony under Daubert

Even assuming Chung is qualified to testify competently regarding these subjects, the methodology by which he reaches his conclusions must be sufficiently reliable under Rule 702.  The Court finds it is not.

Rule 702 provides that expert witness testimony is reliable if:  (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.  Fed. R. Evid. 702.  The Supreme Court in Daubert set out a non-exclusive checklist for use in evaluating the reliability of expert testimony.  These factors include:

1. Whether the expert's technique or theory can be or has been tested -- that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability;

2. Whether the technique or theory has been subject to peer review and publication;

> 3. The known or potential rate of error of the technique or theory when applied;
>
> 4. The existence and maintenance of standards and controls; and
>
> 5. Whether the technique or theory has been generally accepted in the scientific community.

509 U.S. at 593-94.

In applying the Daubert criteria and others that may be relevant, the Court must determine if the expert unjustifiably extrapolated from an accepted premise to an unfounded decision. Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997). That is, there must not be too "great an analytical gap between the data and the opinion proffered." Id. The Court must be assured the expert is using the "same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152.

Chung's anticipated testimony does not satisfy the test for reliability set forth in Daubert and its progeny. There is no evidence before the Court which would indicate that Chung's testimony would be based on "sufficient facts or data," that it would be the "product of reliable principles and methods," or that Chung "has applied such principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Defendant does not explain how Chung has applied his alleged cultural knowledge or experience to the facts of this case. It appears Chung has no particular knowledge of Defendant, the co-defendants, or the victim. Defendant has not shown how Chung has applied his knowledge of "the broad general patterns" of Vietnamese behavior and beliefs to the facts of this case.

Importantly, Chung's techniques or theories have not been articulated with any specificity. There is no evidence his theories can be or have been tested–that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability. There is no evidence that Chung's theories have been subjected to peer review and publication. Defendant offers no information on whether Chung used standards and controls in formulating his theories or whether they have been generally accepted in the scientific community. Instead, Defendant relies on the mere fact of Chung's knowledge of Vietnamese culture–in essence, he requests the Court to take his word for it. This subjective, conclusory approach cannot reasonably be assessed for reliability and is plainly insufficient under Daubert.  See Frazier, 387 F.3d at 1261 ("The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'")

(quoting Fed. R. Evid. 702 Advisory Committee's Note on 2000 Amends.); Joiner, 522 U.S. at 146 (stating that "court[s] may conclude that there is simply too great an analytical gap between the data and the opinion proffered").[4]

### III.  CONCLUSION

Because Defendant fails to demonstrate that Chung is qualified to testify competently regarding the subjects he intends to address, that his testimony is reliable under Daubert and its progeny, and that his testimony would aid the trier of fact,

---

[4] The Court also does not believe Chung's testimony would assist the jury in this case. The expert's testimony must aid the trier of fact. See City of Tuscaloosa, 158 F.3d at 562-63. Expert testimony aids the trier of fact when it "logically advances a material aspect of the proposing party's case." Allison v. McGhan Med. Corp., 184 F.3d 1300, 1312 (11th Cir. 1999) (quoting Daubert, 43 F.3d at 1315). To do this, the expert's testimony must constitute either direct or circumstantial evidence that, if believed, will prove or make more likely an element of the proponent's case. City of Tuscaloosa, 158 F.3d at 562. An expert's testimony will only aid the trier of fact if the evidence about which he testifies "concerns matters that are beyond the understanding of the average lay person." Frazier, 387 F.3d at 1262. "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63. In this case, Chung's testimony appears aimed at explaining why Defendant feared for his life and why he did not contact the police after he was threatened. Chung does not provide any foundation for an opinion why Defendant acted as he did. Thus, his opinion is not helpful to a jury.

**IT IS HEREBY ORDERED** that the Government's Renewed Motion to Exclude Expert Testimony [198] is **GRANTED**.

**SO ORDERED**, this 9th day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE